UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:
ROBERT LAING,

        Debtor.
_____

ARNSTEIN & LEHR, LLP

        Appellant,

vs.                         Case No. 2:07-cv-199-FtM-29
                             Bankr. No. 9:04-bk-03621-ALP

ROBERT E. TARDIF, JR.,

        Appellee.
_____

**OPINION AND ORDER**

     This matter comes before the Court on consideration of the appeal from the Bankruptcy Court's Order on Trustee's Motion for Authority to Compromise Trustee's Objection to Claim No. 5 Filed by R. Tod Neilson, Trustee (Doc. #1-3) and Order on Trustee's Objection to Claim No. 5 Filed by R. Todd Neilson, Trustee (Doc. #1-4)[1]. Appellant filed an Opening Brief (Doc. #11) on May 1, 2007. On August 15, 2007, noting no responsive brief, the Court issued an Order (Doc. #12) directing a response within eleven days.

---

[1] Documents filed in the District Court are hereinafter referred to as "Doc." and documents filed in the Bankruptcy Court are hereinafter referred to as "Bankr. Doc." Copies of the relevant documents are included in the record transmitted by the Bankruptcy Court, the parties by designation, or are otherwise available through PACER.

No responsive brief was filed and the Court finds that the appeal is otherwise ripe for review.

**I.**

The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. In re Colortex Indus., Inc., 19 F.3d 1371, 1374 (11th Cir. 1994). The legal conclusions of the bankruptcy court are reviewed *de novo*, In re JLJ, Inc., 988 F.2d 1112, 1116 (11th Cir. 1993), while findings of fact are reviewed for clear error. FED. R. BANKR. P. 8013; In re Thomas, 883 F.2d 991, 994 (11th Cir. 1989), cert. denied, 497 U.S. 1007 (1990). A finding of fact is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been committed." Crawford v. Western Elec. Co., Inc., 745 F.2d 1373, 1378 (11th Cir. 1984)(citing United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

**II.**

On September 25, 2002, R. Todd Neilson (Neilson), Chapter 11 Trustee in California for the Estate of Reed E. Slatkin, filed an adversary proceeding in the United States Bankruptcy Court, Central District of California, Northern Division, alleging that debtor herein, Robert Laing (debtor or Laing), was the recipient of fraudulent transfers based on a Ponzi scheme. Laing denies that

-2-

the payments were fraudulent conveyances, and asserts that the payments were for financial services provided to the corporation partially owned by Slatkin.  On February 25, 2003, the Bankruptcy Court in California entered an Order (Doc. #1-8) holding Robert Laing, Gayle E. Miller, and the Law Firm of Arnstein & Lehr (appellant or A&L) in civil contempt and imposed monetary sanctions, jointly and severally, and payable immediately to the Trustee in the amount of $15,000.00 for the parties' violation of the automatic stay.  On February 25, 2004, Robert Laing filed a Chapter 7 voluntary petition in the Middle District of Florida, and Robert E. Tardif, Jr. (appellee or Trustee) was appointed Trustee.  As a result, the California litigation was stayed.

On June 25, 2004, Neilson filed an adversary proceeding objecting to Laing's homestead exemption, seeking a lien on the homestead property, and objecting to the discharge based on the fraudulent transfers.  On July 8, 2004, Neilson filed a Proof of Claim in the amount of $5,349,131.89 (Claim), representing the claim from the California adversary proceeding. On August 1, 2005, the Bankruptcy Court in Florida found in favor of debtor and entered Findings of Facts, Conclusions of Law and Memorandum Opinion finding that the debtor was not an active participant in the Ponzi scheme.  On August 3, 2005, the debtor was discharged.

On September 21, 2006, the Trustee filed an objection to the Claim as being contingent and unliquidated.  (Bankr. Doc. #106.) On November 2, 2006, the Trustee sought court approval of a

compromise with Neilson in the amount of $4,000,000.00. (Bankr. Doc. #109.) On November 20, 2006, the debtor filed an Objection to Motion for Authority to Compromise Controversy (Bankr. Doc. #112) arguing that the Claim is defensible, and that approval would have a *res judicata* effect on the California proceeding where it has not yet been determined whether the debtor was in fact the recipient of fraudulent proceeds. On November 22, 2006, appellant filed an Objection to Motion for Authority to Compromise Controversy (Bankr. Doc. #113) as counsel for debtor pre-petition. A&L filed a Proof of Claim for unpaid legal fees and expenses in the amount of $91,744.91 without objection, and objects to the compromise with Neilson because the settlement amount would dilute distribution to all other creditors and because the Claim is contingent and unliquidated.

On February 16, 2007, the Bankruptcy Court in Florida, entered two Orders. The Order on Trustee's Motion for Authority to Compromise Trustee's Objection to Claim No. 5 Filed by R. Todd Neilson, Trustee states as follows:

> THIS CAUSE came before the Court on January 19, 2007, upon the Trustee's Motion for Authority to Compromise with R. Todd Neilson, Trustee of the Bankruptcy Estate of Reed Slatkin, concerning the Trustee's Objection to Claim No. 5, and the Court having reviewed the record and having considered the arguments of the Trustee, Alberto Gomez, who filed an objection to the compromise on behalf of the Debtor, and Ronald Cohn, who filed an objection to the compromise on behalf of Arnstein & Lehr, and for the reasons stated in open court, it is

> ORDERED, ADJUDGED AND DECREED that the Trustee's Motion for Authority to Compromise with R. Todd Neilson, Trustee of the Bankruptcy Estate of Reed Slatkin, is granted. R. Todd Neilson shall have an allowed general unsecured claim in the amount of $4,000,000.00. It is further
>
> ORDERED, ADJUDGED AND DECREED that the Court specifically finds and holds that the entry of this Order on the Trustee's Motion to Compromise shall not have any res judicata or collateral estoppel effect in any proceedings that are or may be pending in California or in any other legal proceeding.

(Doc. #1-3.) The Order on Trustee's Objection to Claim No. 5 Filed by R. Todd Neilson states:

> THIS CAUSE came before the Court and it appearing that the Court approved the Trustee's Motion for Authority to Compromise Controversy between R. Todd Neilson, Trustee, and the Court being otherwise fully advised, it is
>
> ORDERED, ADJUDGED AND DECREED that the Trustee's objection to Claim No. 5 is sustained in part. Claim No. 5 shall be allowed as a general unsecured claim, but shall be reduced to the amount of $4,000,000.00.

(Doc. #1-4.) The Orders were entered without a hearing.

### III.

Appellant argues that the Bankruptcy Court failed to consider the required factors for a finding that the compromise was fair, equitable, and in the best interest of the estate; that the Bankruptcy Court failed to conduct an adequate hearing; and that the compromise is in fact not fair, equitable, or in the best interest of the estate.

Under Federal Rule of Bankruptcy Procedure 9019(a), "[o]n motion by the trustee and after notice and a hearing, the court may

approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct." FED. R. BANKR. P. 9019(a). Objections to a proposed compromise do not preclude court approval, In re Thompson, 965 F.2d 1136, 1141 n.5 (1st Cir. 1992)(collecting cases), and an actual evidentiary hearing is not necessarily required. Depoister v. Mary M. Holloway Found., 36 F.3d 582, 586 (7th Cir. 1994).

In reviewing a settlement agreement, the Bankruptcy Court must consider the (1) probability of success in the litigation; (2) difficulties that may be encountered in collection; (3) the complexity of the litigation, expense, inconvenience and delay in attending; and (4) the paramount interest of the creditors and deference to their reasonable views. In re Van Diepen, P.A., 236 Fed. Appx. 498, 503 (11th Cir. 2007)(citing In re Justice Oaks, 898 F.2d 1544, 1549 (11th Cir. 1990)). "The duty of an appellate court, then, in reviewing a District Court's approval of a compromise, is to assure that this compromise is truly "fair and equitable" and "in the best interest of the estate." In re Jackson Brewing Co., 624 F.2d 599, 602 (5th Cir. 1980)[2](citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-25 (1968)).

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

No hearing was conducted and therefore no transcript is available to ascertain whether the relevant factors were considered on the record.  Additionally, the Orders fail to state the factors considered, and do not specifically address why the objections were overruled.  Without an adequate explanation for the basis of the ruling, the District Court cannot conduct a meaningful review on appeal, and remand is appropriate.  See In re Corrugated Container Antitrust Litig., 643 F.2d 195 (5th Cir. 1981), aff'd, 659 F.2d 1337 (5th Cir. 1981); Serra Chevrolet, Inc. v. GMC, 446 F.3d 1137 (11th Cir. 2006); Jernigan v. United States, 180 Fed. Appx. 56 (11th Cir. 2006); United States v. Stevenson, 240 Fed. Appx. 343 (11th Cir. 2007).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.  The Bankruptcy Court's Order on Trustee's Motion for Authority to Compromise Trustee's Objection to Claim No. 5 Filed by R. Todd Neilson, Trustee (Doc. #1-3) and Order on Trustee's Objection to Claim No. 5 Filed by R. Todd Neilson, Trustee (Doc. #1-4) are **reversed** and the case is **remanded** for the purpose of vacating the Orders and entering an amended order adequately setting forth the basis for approval, with or without a hearing at the discretion of the Bankruptcy Court.

2.  The Clerk shall transmit a certified copy of this Opinion and Order to the Clerk of the United States Bankruptcy Court,

terminate any remaining deadlines and motions as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of December, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies:
Hon. Michael G. Williamson
Clerk, U.S. Bankr. Ct.
Counsel of record